UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

APPROXIMATELY $7,041.73 SEIZED
FROM BANK OF AMERICA CHECKING
ACCOUNT #375008753246 HELD
IN THE NAME OF ABYSSINIA LOVE
KNOT PHYSICAL THERAPY, LLC., et al.,

    Defendant in Rem.
_____/

Case No. 16-10314

HON. GEORGE CARAM STEEH

**ORDER GRANTING GOVERNMENT'S MOTION
TO STAY CIVIL FORFEITURE CASE [DOC. 52]
UNTIL APRIL 23, 2017 AND STRIKING DOCS. 29 AND 30**

This matter comes before the court on the government's motion to stay this civil forfeiture proceeding pursuant to 18 U.S.C. § 981(g) until its companion criminal case, *United States v. Shirley Douglas, et al.*, 2:16-cr-20436-DML-APP (E.D. Mich. Jun. 16, 2016), is resolved and until such time the government concludes its criminal investigation of the remaining individuals listed in the Complaint. A stay was previously entered upon stipulation for six months, expiring on October 6, 2016. The United States requests an extension of the stay because (1) to allow civil discovery to proceed in this case will adversely affect the ability of the United States to

1

conduct the prosecution of the related criminal case; (2) a stay is the appropriate remedy for balancing the countervailing interests of the interested entities; and (3) claimants should not be permitted to use civil discovery to circumvent the criminal discovery process.

Objections to the request for stay were filed by only two claimants, Atul C. Shah and Yogina A. Shah.  Claimant Malik Fuqua and Defendants *in Rem* Account Numbers xxxx472 and xxxx842 consented to the requested continuation of the stay.  None of the other claimants voiced any opposition to the pending motion to stay.

18 U.S.C. § 981(g) sets forth when the government can obtain a stay:

> Upon the motion of the United States, the court shall stay the civil forfeiture proceedings if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

In this case, the civil forfeiture matter and the criminal case are inextricably related.  The indictment describes an extensive health care fraud and drug distribution scheme, with the defendants committing fraud against the United States government from August 2009 through June 2016.  The indictment further describes how the criminal defendants and others conspired to obtain controlled substances.  The verified complaint in the civil action alleges the same set of facts as grounds for the forfeiture.  The

government contends that proving both cases will involve the same witnesses and similar documents and will deal with the same set of operative facts and circumstances. The government points out that some of the accounts subject to forfeiture in the criminal indictment are also defendants *in rem* in the civil forfeiture case, indicating that the interest held by claimants in those properties will likely be resolved in the criminal case. No objections have been raised on the issue of whether there is a related criminal case. The court finds that the pending criminal case is a "related criminal case" to this civil matter for purposes of 18 U.S.C. § 981(g).

To grant a stay, the court must also find that civil discovery will adversely affect the related criminal case. The United States argues that it will be adversely impacted by full civil discovery during the pendency of a related criminal proceeding because claimants will have the ability to seek much broader discovery than would be allowed in the criminal case. Again, no objections have been raised to the government's argument that commencing civil discovery will compromise both the ongoing investigation and the pending criminal trial. The court concludes that the government has shown likely prejudice to the criminal proceedings if civil discovery is permitted to go forward at this time.

Atul and Yogina Shah oppose a stay of the civil forfeiture action

because Dr. Atul Shah voluntarily surrendered his DEA license on August 18, 2015 and has not been able to practice medicine on a full-time basis since that time.  The government seized two of the Shah's accounts with financial institutions, $98,936.10 from a Bank of America Money Market Account and $10,732.49 from a Bank of America Checking Account.  The Shahs refer to their unsuccessful efforts to resolve the criminal investigation, and state that the money which was seized represents a considerable sum to the Shah family.

The government responds that they have taken reasonable efforts to ensure that the only funds that remain seized are those directly traceable to the drug distribution scheme underlying the criminal investigation and prosecution.  Since the initial seizure of funds, the government returned $26,814.28 to the Shahs on February 10, 2016.  As for the status of the criminal investigation, the government responds that trial in the criminal case is scheduled to commence on January 24, 2017.  At the conclusion of the trial, the government believes it will be in a better position to advise the court as to the status of the related criminal investigation.

The court grants a stay of the civil forfeiture action for a period of five months, until April 23, 2017.  The government is required to provide an updated status report on or before that date.

The government has brought two instances of scrivener's error in the electronic court file to the court's attention.  Docket numbers 29 and 30 should be stricken by the clerk due to the fact that their titles and content do not match, and that the error has been rectified by the filing of docket numbers 32 and 33.

So ordered.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  November 28, 2016

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record
on November 28, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Case Manager

5